# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael D. Benson,<br><br>        Petitioner,<br><br>v.<br><br>State of Minnesota,<br><br>        Respondent. | Civil No. 09-2793 (DWF/JJG)<br><br><br>**REPORT AND RECOMMENDATION** |

JEANNE J. GRAHAM, United States Magistrate Judge

      The above-captioned case is before the undersigned United States Magistrate Judge on Michael D. Benson's petition for a writ of habeas corpus under 28 U.S.C. § 2254. This matter was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court recommends that the petition be denied as untimely under 28 U.S.C. § 2244(d)(1)(A).

## I.    BACKGROUND

      In 1993, Michael D. Benson ("Benson") was civilly committed to the Minnesota Sex Offender Program ("MSOP"), for an indeterminate term, as a sexual psychopathic personality ("SPP"). He appealed the commitment order to the Minnesota Court of Appeals, which affirmed on November 9, 1993. *In re Benson*, No. C0-93-1357, 1993 WL 459840 (Minn. Ct. App. Nov. 9, 1993). Benson did not petition the Minnesota Supreme Court for review. Three years later, in December 1996, Benson filed a petition for a writ of habeas corpus in state court, which was denied, and the Minnesota Court of Appeals affirmed. Benson subsequently filed a petition for post-conviction relief and two more habeas petitions in state court. In each instance, relief was

denied at the trial and appellate levels. Benson filed the instant petition on October 7, 2009, challenging the Minnesota state court judgment of civil commitment entered in 1993.

On April 15, 2006, Benson escaped from the Minnesota Security Hospital in St. Peter, Minnesota. He was apprehended and convicted of burglary in the first degree, criminal damage to property, theft of a motor vehicle, and escape from custody. After serving his sentence, he was returned to the MSOP in Moose Lake, Minnesota. Benson has brought a separate habeas petition challenging his 2007 criminal conviction and sentence, in *Benson v. Minnesota*, Civil No. 09-2792 (DWF/JJG).[1]

## II. DISCUSSION

There is a one-year statutory limitations period in which a state prisoner may petition a federal court for habeas relief. *See* 28 U.S.C. § 2244(d)(1). That time period begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Benson did not seek review of the Minnesota Court of Appeals' decision dated

---

[1] Benson is able to bring two separate habeas actions because Rule 2(e) of the Rules Governing Section 2254 Cases requires him to challenge separate state court judgments in separate petitions.

November 9, 1993. Thus, his judgment of civil commitment became final on December 9, 1993, when the thirty-day period for petitioning the Minnesota Supreme Court for review expired. *See* Minn. R. Crim. P. 29.04, subd. 2. Benson's one-year period in which to seek federal habeas relief commenced on this day, and expired one year later on December 9, 1994. Nothing occurred during the one-year period to toll the clock. Accordingly, Benson's habeas petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), unless he can show that clause (B), (C), or (D) applies.

There was no state-created impediment preventing Benson from bringing a federal habeas petition during the statutory limitations period, nor has the Supreme Court recognized a new, retroactively applicable constitutional right. Rather, Benson is apparently asserting that his criminal conviction and sentence provided a new factual predicate for habeas relief, which could not have been discovered previously through due diligence. Benson reasons that since he was presumed sane in the criminal proceedings, he cannot be an SPP.

The Court rejected this argument in Benson's other ongoing case, *Benson v. Minnesota*, Civil No. 09-2792 (DWF/JJG).

> In Minnesota, a person is not responsible for committing a crime by reason of insanity if "at the time of committing the alleged criminal act the person was laboring under such a defect of reason," caused by a mental illness or mental deficiency, so "as not to know the nature of the act, or that it was wrong." Minn. Stat. § 611.026. A person with an SPP, in comparison, exhibits "emotional instability, or impulsiveness of behavior, or lack of customary standards of good judgment, or failure to appreciate the consequences of personal acts, or a combination of any of these conditions, which render the person irresponsible for personal conduct with respect to sexual matters, if the person has evidenced, by a habitual course of misconduct in sexual matters, an utter lack of power to control the person's sexual impulses and, as a result, is dangerous to other persons." Minn. Stat. § 253B.02, subd. 18b.
>
> There are several important distinctions between the two standards, relevant to this case. First, the criminal insanity statute requires proof of a mental illness or deficiency, while the SPP statute does not. Other than being designated as an SPP, Benson does not claim to suffer from a mental illness or deficiency.

3

> Second, the SPP statute refers to a person's emotional state, behavior, and ability to understand the consequences of his or her acts only with respect to sexual matters. None of the charges brought against Benson in 2007 involved a sexual matter. Finally, there is no simply requirement inherent in the SPP statute that a person must be found insane before being civilly committed. Thus, a designation as an SPP does not necessarily mean one is insane.

*Benson*, Civ. No. 09-2792 (DWF/JJG), rep. & recommendation at 4-5 (D. Minn. Mar. 12, 2010). Given the distinctions between the standards for insanity and SPP, the presumption that Benson was sane during his criminal proceedings has no bearing on his designation as an SPP. Consequently, Benson's criminal proceedings did not create a new factual predicate for habeas relief for his civil commitment.

### III. CONCLUSION

The limitations period for federal habeas relief for the 1993 judgment of civil commitment expired on December 9, 1994. Benson filed the instant habeas petition on October 7, 2009. The petition is therefore untimely and should be denied.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Michael D. Benson's petition for a writ of habeas corpus (Doc. No. 1) be **DENIED** and this case be **DISMISSED WITH PREJUDICE**.

Dated: March 15, 2010  s/ *Jeanne J. Graham*

JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 30, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of any hearing unless the parties stipulate that the district judge is not required to review a transcript or if the district judge directs otherwise.